1                IN THE UNITED STATES DISTRICT COURT

2               FOR THE SOUTHERN DISTRICT OF TEXAS

3                         MCALLEN DIVISION

4    UNITED STATES OF AMERICA        §    CASE NO. 7:21-CR-02335
                                     §    MCALLEN, TEXAS
5    VERSUS                          §    WEDNESDAY,
                                     §    APRIL 6, 2022
6    CESAR VALLE                     §    2:50 P.M. TO 3:14 P.M.

7                        **RE-ARRAIGNMENT**

8            BEFORE THE HONORABLE MICAELA ALVAREZ
                  UNITED STATES DISTRICT JUDGE
9

10

11

12   APPEARANCES:                         SEE NEXT PAGE

13   ELECTRONIC RECORDING OFFICER:        STEPHANIE GARCIA

14   CASE MANAGER:                         JULIE ANN SANCHEZ

15   OFFICIAL INTERPRETER:                STEVEN MINES

16

17

18

19

20                   TRANSCRIPTION SERVICE BY:

21           JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                    935 Eldridge Road, #144
22                   Sugar Land, TX 77478
                        281-277-5325
23               mary@judicialtranscribers.com

24
        Proceedings recorded by electronic sound recording;
25         transcript produced by transcription service.

1                    IN THE UNITED STATES DISTRICT COURT

2                  FOR THE SOUTHERN DISTRICT OF TEXAS

3                           MCALLEN DIVISION

4   UNITED STATES OF AMERICA        §      CASE NO. 7:22-CR-204
                                    §      MCALLEN, TEXAS
5   VERSUS                          §      WEDNESDAY,
                                    §      APRIL 6, 2022
6   CHRISTIAN ALEXIS                §
    MEJORADO-JUAREZ                 §      2:50 P.M. TO 3:14 P.M.

7                            RE-ARRAIGNMENT

8            BEFORE THE HONORABLE MICAELA ALVAREZ
9                  UNITED STATES DISTRICT JUDGE

10

11

12  APPEARANCES:                           SEE NEXT PAGE

13  ELECTRONIC RECORDING OFFICER:          STEPHANIE GARCIA

14  CASE MANAGER:                          JULIE ANN SANCHEZ

15  OFFICIAL INTERPRETER:                  STEVEN MINES

16

17

18

19

20                  TRANSCRIPTION SERVICE BY:

21            JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                   935 Eldridge Road, #144
22                 Sugar Land, TX 77478
                       281-277-5325
23            mary@judicialtranscribers.com

24

25      Proceedings recorded by electronic sound recording;
            transcript produced by transcription service.

```
 1                              APPEARANCES:

 2

 3   FOR THE GOVERNMENT:          LEE ALFRED FRY, ESQUIRE
                                  ELIZA CARMEN RODRIGUEZ, ESQUIRE
 4                                U.S. Attorney's Office
                                  1701 W. Hwy 83
 5                                Suite 600
                                  McAllen, TX 78501
 6                                956-431-8002
                                  lee.fry@usdoj.gov
 7                                eliza.carmen@usdoj.gov

 8   FOR THE DEFENDANT:           JOSE ANTONIO SOLIS, ESQUIRE
                                  De La Fuente Solis, PLLC
 9                                PO Box 2307
                                  Edinburg, TX 78540
10                                956-381-4357
                                  jose@381help.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

4

1                                    INDEX

2                                                              PAGE:

3    PRELIMINARY MATTERS                                          4

4    SUMMARY OF CHARGES                                           7

5    ADVICE OF RIGHTS                                             8

6    EXPLANATION OF NOTICE OF FORFEITURE                         12

7    SUMMARY OF PLEA AGREEMENT                                    14

8    DEFENDANT'S PLEA                                            17

9    FACTUAL BASIS FOR PLEA                                      18

10   ACCEPTANCE OF PLEA                                          19

11                                  ***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        **MCALLEN, TEXAS; WEDNESDAY, APRIL 6, 2022; 2:50 P.M.**

2        (Official Interpreter utilized for translation.)

3            THE COURT:  Okay.  All right.  Let me call --

4   well, I'm going to call together 22-204, *Christian Alexis*

5   *Mejorado-Juarez*, as well as 21-2335, *Cesar Valle*.

6            UNIDENTIFIED SPEAKER:  Judge, what was the first

7   case?

8            THE COURT:  22-204, *Christian Alexis Mejorado-*

9   *Juarez*.

10           Please, raise your right hand to be sworn in.

11            DEFENDANTS, MEJORADO AND VALLE, SWORN

12           THE COURT:  Thank you.  You may put your hand

13   down.

14           Each one of you has indicated that you are ready

15   to enter a plea, so I do need to cover with you certain

16   rights and explain certain other matters.  As I do so, if

17   there anything you do not understand, please, make sure to

18   let me know.

19           Also, for you, Mr. Mejorado, if you have

20   difficulty with the headset, please let me know, and I will

21   make sure it gets taken care of.

22           I have the two of you together even though you

23   face completely separate kind of charges.  Much of what I

24   cover will be the same, so it just helps me a little bit to

25   be able to do this in groups with you.  If, however, either

1    one of you prefers me to handle your case individually, let

2    me know, and I will do so, and it will not in any way harm

3    your case.

4              Do you understand this?

5              DEFENDANT VALLE:  Yes, Your Honor.

6              DEFENDANT MEJORADO-JUAREZ:  Yes.

7              THE COURT:  Yeah.  Each of one of you were sworn

8    in.  That means that you are under oath.  You are subject to

9    the penalties of perjury, and any statement you make here

10   today can be used against you.

11             Do you understand this?

12             DEFENDANT VALLE:  Yes, Your Honor.

13             DEFENDANT MEJORADO-JUAREZ:  Yes.

14             THE COURT:  And I do want to start by asking a few

15   background questions beginning with you, Mr. Mejorado.

16             How old are you?

17             DEFENDANT MEJORADO-JUAREZ:  22.

18             THE COURT:  What kind of schooling do you have?

19             DEFENDANT MEJORADO-JUAREZ:  To sixth grade.

20             THE COURT:  And are you a citizen of the United

21   States?

22             DEFENDANT MEJORADO-JUAREZ:  No.

23             THE COURT:  Mr. Valle, how old are you?

24             DEFENDANT VALLE:  27, Your Honor.

25             THE COURT:  How far did you go in school?

1          DEFENDANT VALLE:  A GED, Your Honor.

2          THE COURT:  Are you a citizen of the United

3   States?

4          DEFENDANT VALLE:  Yes, Your Honor.

5          THE COURT:  As to each one of you, are you now or

6   have you ever been under the care of a doctor, a

7   psychologist, psychiatrist, or any kind mental health

8   professional for any mental health issues?

9          DEFENDANT VALLE:  No, Your Honor.

10          DEFENDANT MEJORADO-JUAREZ:  No.

11          THE COURT:  Are you, now, under the influence of

12   any alcohol, drugs, or medications?

13          DEFENDANT VALLE:  No, Your Honor.

14          DEFENDANT MEJORADO-JUAREZ:  Only medicine.

15          THE COURT:  Mr. Mejorado, for what are you taking

16   medicine?

17          DEFENDANT MEJORADO-JUAREZ:  High blood pressure

18   and heart medication.

19          THE COURT:  And these are medications that are

20   prescribed to you there at the facility where you're being

21   held?

22          DEFENDANT MEJORADO-JUAREZ:  Yes.

23          THE COURT:  And other than what is prescribed to

24   you, have you taken anything else by way of medicines or

25   other drugs or alcohol?

1            DEFENDANT MEJORADO-JUAREZ:  No.

2            THE COURT:  And I take it that those medications

3    don't in any way affect your ability to understand what you

4    covered with your lawyer, or to understand what I'm covering

5    with you?

6            DEFENDANT MEJORADO-JUAREZ:  No.

7            THE COURT:  Thank you.

8            Mr. Valle, as to you, in the last 72 hours, have

9    you taken any alcohol, drugs, or medications?

10            DEFENDANT VALLE:  No, Your Honor.

11            THE COURT:  For each one of you, have you had

12    sufficient time to talk with your attorney about the charges

13    that you are facing?

14            DEFENDANT VALLE:  Yes, Your Honor.

15            DEFENDANT MEJORADO-JUAREZ:  Yes.

16            THE COURT:  I'm going to review with each one of

17    you separately the charges -- the one count that you are

18    pleading to.  I'll start with you, Mr. Mejorado.

19            I understand that you are pleading to Count Two of

20    your Indictment.  Count Two charges that on or about January

21    the 18th of 2022, in the Southern District of Texas and

22    within the jurisdiction of this Court, that you knowing and

23    in reckless disregarded the fact that Ronald Alexis

24    Argumedo-Silicano was an alien who had come to, entered and

25    remained in the United States in violation of law, that you

1  knowingly transported, moved, attempted to transport and

2  attempted to move said alien within the United States in

3  furtherance of such violation of law; that is, from a

4  location near Alamo, Texas, to another location near

5  San Juan, Texas, by means of a motor vehicle for the purpose

6  of commercial advantage and private financial gain, in

7  violation of Title 8, USC Sections 1324(a)(1)(A)(2) and

8  1324(a)(1)(B)(1).

9          So basically, the charge, Mr. Mejorado, is that

10  you know or you had enough information to know that this

11  person here by the name of Argumedo-Silicano was in the

12  country without any kind of legal authorization.

13          Now you don't have to know that person's name or

14  that person's specific identity, so long as you know they're

15  here illegally.  And that you then in one manner or another

16  moved that person or tried to move that person to help as

17  that person made his or her way into the country illegally,

18  that you were doing this for some sort of financial benefit.

19  You were going to be paid or you're going to gain something

20  that benefits you financially.

21          Do you understand the charge?

22          DEFENDANT MEJORADO-JUAREZ:  Yes.

23          THE COURT:  Do you have any questions about the

24  charge?

25          DEFENDANT MEJORADO-JUAREZ:  No.

1          THE COURT:  Thank you.

2          Turning to you, Mr. Valle, yours is a single-count

3    Indictment, and it charges that on or about October 16,

4    2021, in the Southern District of Texas and within the

5    jurisdiction of this Court that you, in connection with the

6    acquisition of firearms, namely three Century Arms Model

7    VSKA 7.62 by 39 millimeter caliber rifles and one Zastava

8    Model ZPAPM70 7.62 by 39 millimeter caliber rifle from D&D

9    Gun Parts, a licensed dealer of firearms within the meaning

10   of Chapter 44 Title 18 United States Code, that you

11   knowingly made a false or fictitious written statement to

12   D&D Gun Parts which statement was intended to and likely to

13   deceive D&D Gun Parts as to a fact material to the

14   lawfulness of such acquisition of the said firearms, in

15   that, you falsely represented on the AFT Form 4473 that you

16   were the actual buyer of the firearms described above when,

17   in truth and in fact, you knew that those statements and

18   representations were false, and that you were not the actual

19   buyer of the firearms in violation of Title 18 United States

20   Code Sections 922(a)(6) and 924(a)(2).

21          So there is a lot there, but basically, the

22   charge, Mr. Valle, is that you went to D&D to acquire these

23   firearms, but they were being acquired not for yourself, but

24   for somebody else, and that you, on the form 4473, that you

25   filled it out representing yourself to be the actual buyer

1  when you knew that you were not, and that this was material

2  that is important to the sale of these firearms.

3          Do you understand the charge?

4          DEFENDANT VALLE:  Yes, Your Honor.

5          THE COURT:  Any questions about the charge?

6          DEFENDANT VALLE:  No, Your Honor.

7          THE COURT:  All right.  Thank you.

8          Now, for each one of you, in connection with the

9  charge or charges that you are facing, you do have the right

10 to be represented by an attorney throughout this case.  You

11 have the right, even if you cannot afford an attorney.  Do

12 you understand this?

13         DEFENDANT VALLE:  Yes, Your Honor.

14         DEFENDANT MEJORADO-JUAREZ:  Yes.

15         THE COURT:  You also have the right to enter a

16 plea of not guilty to the charge as you did to begin with.

17 If you wish to go forward with a plea of not guilty, you

18 have the right to have a jury trial.  The jury is made up of

19 12 citizens of this community, and the jury is the one that

20 would decide whether you are guilty or not guilty.

21         In connection with a jury trial, you have the

22 right to have the Government present the witnesses that the

23 Government has to testify against you.  You have the right

24 through your attorney to ask questions of those witnesses.

25 You have the right also to present witnesses of your own and

1  to compel them -- that is to make them -- be present in

2  court to testify even if they do not wish to do so.

3          You also have the right to testify if you wish to

4  testify, but you have the right to remain silent as well.

5  If you choose to remain silent, that will not be considered

6  by the jury as being evidence that you are guilty or

7  evidence of anything else in the case.

8          These are all rights that you have if you wish to

9  go forward with a plea of not guilty.  Do you understand

10  this?

11          DEFENDANT VALLE:  Yes, Your Honor.

12          DEFENDANT MEJORADO-JUAREZ:  Yes.

13          THE COURT:  If you enter a plea of guilty, you

14  will be giving up your right to have a jury trial because I,

15  rather than the jury, will decide whether you are guilty.

16  You will be giving up your right to have the witnesses

17  presented, both yours and the Government's, and you will

18  also be giving you your right to remain silent because the

19  Government's attorney will tell me the facts of your case.

20  I will ask you questions about those facts, and you will

21  have to answer those questions for me.

22          Do you understand this as well?

23          DEFENDANT VALLE:  Yes, Your Honor.

24          DEFENDANT MEJORADO-JUAREZ:  Yes.

25          THE COURT:  With that understanding, then, do you

1  wish to give up the right to have a jury trial, to have the

2  witnesses presented, and to remain silent by entering a plea

3  of guilty?

4          DEFENDANT VALLE:  Yes, Your Honor.

5          DEFENDANT MEJORADO-JUAREZ:  Yes.

6          THE COURT:  Have you each spoken with your

7  attorney about what you may be facing by way of punishment

8  if you are found guilty in this case?

9          DEFENDANT VALLE:  Yes, Your Honor.

10          DEFENDANT MEJORADO-JUAREZ:  Yes.

11          THE COURT:  Let me cover that with you as well.

12  And even though your charges are completely different, the

13  range of punishment that you are facing is the same, and for

14  each one of you, basically, you are facing up to ten years

15  of prison time.  There is no minimum amount of time

16  required, but it can be up to ten years.

17          You will also face up to three years of what is

18  called supervised release.  Supervised release is a period

19  of time after you have been released from prison.  You are

20  not in custody anymore, but you are still kept under Court

21  supervision.

22          You are ordered to do or not do certain things,

23  and any violation of supervised release could mean that you

24  would have to come back to court, and you could end up

25  facing more time in prison for this offense.

1          Do you understand all of that?

2          DEFENDANT VALLE:  Yes, Your Honor.

3          DEFENDANT MEJORADO-JUAREZ:  Yes.

4          THE COURT:  Now for you, Mr. Mejorado, because you

5    have told me that you are not a citizen of the United

6    States, it's also important that you understand that this is

7    the type conviction that will get you deported.  You will

8    never be able to gain legal status in the United States with

9    this conviction on your record.  Returning illegally at any

10   time could result in an immigration prosecution and you

11   would be facing up to 20 years of prison time.

12          And even if you are going to be deported, I can

13   place you under court supervision and, again, returning

14   illegally during that time could mean more time in prison

15   for this offense.

16          Do you understand that?

17          DEFENDANT MEJORADO-JUAREZ:  Yes.

18          THE COURT:  Now, each one of you is also facing

19   the possibility of a fine of up to $250,000 depending on

20   your ability to pay, and then, the law requires you be

21   ordered to pay $100 even if you cannot afford to do so.

22          Do you understand this as well?

23          DEFENDANT VALLE:  Yes, Your Honor.

24          DEFENDANT MEJORADO-JUAREZ:  Yes.

25          THE COURT:  And I think, for the 1324, we have,

1    again, the $5,000 special assessment; is that correct?

2         MS. RODRIGUEZ:  Yes, Your Honor.

3         THE COURT:  All right.  Thank you.

4         Okay.  So for you, Mr. Mejorado, there is also a

5    separate fine that you may be able to pay.  It's called an

6    extra special assessment of up to $5,000 that you could be

7    ordered to pay.  Again, if I believe that you have the

8    ability to pay it, I can order you to pay that.

9         Do you understand that, as well?

10        DEFENDANT MEJORADO-JUAREZ:  Yes.

11        THE COURT:  Okay.  For you, Mr. Valle, there is

12   also something else in the Indictment that I will touch on

13   with you, and that is that your Indictment gives you what is

14   called "Notice of Forfeiture."  That is the Government has

15   let you know that it will seek to take title to possession

16   of the weapons involved in this offense -- the firearms,

17   whatever they happen to be -- involved this offense.

18        Now, anytime that the Government is trying to take

19   property that somebody else may have an interest in, that

20   person who claims an interest can assert their rights to

21   that property either through a criminal case such as this or

22   separately through an administrative proceeding.

23        Now, if you have a Plea Agreement, this may have

24   been waived in the Plea Agreement, but I do need to touch on

25   that anyway.

1          So first of all, do you understand that the

2    Government has given you that notice of forfeiture in the

3    Indictment?

4          DEFENDANT VALLE:  Yes, Your Honor.

5          THE COURT:  And do you understand that, unless you

6    have waived those rights, that you would be able to assert

7    rights if you wish to do so?

8          DEFENDANT VALLE:  Yes, Your Honor.

9          THE COURT:  Okay.  All right.  Then, I've touched,

10   for each one of you, on what you are facing under the law as

11   far as sentencing.  There is something else that I have to

12   consider in deciding your actual sentence.  This is for both

13   of you.  I'm sorry.  I may have missed that.  Okay.  I don't

14   know.  All right.

15         So for both of you, then, in deciding your

16   sentence, I have to consider something called "the

17   Guidelines."  The Guidelines provide the Court with a range

18   of months that I have to consider and decide your actual

19   sentence.

20         So at the time of sentencing, I will consider all

21   the information presented to me about you and your case.  I

22   will consider the guidelines that apply to your case, as

23   well as the law that applies to sentencing.  I will, then,

24   decide what sentence you should receive, and that sentence

25   can be in your guideline range, it could be less than your

1  guideline range, or it could be more than your guideline

2  range.

3            Provided I do not sentence you above the ten-year

4  maximum that applies to your case, basically, what I'm

5  saying about the guidelines is that I have to consider the

6  guidelines, but I do not have to follow the guidelines.

7            Do you each understand this?

8            DEFENDANT VALLE:  Yes, Your Honor.

9            DEFENDANT MEJORADO-JUAREZ:  Yes.

10            THE COURT:  Do you have any questions about

11  anything that I've covered with you?

12            DEFENDANT VALLE:  No, Your Honor.

13            DEFENDANT MEJORADO-JUAREZ:  No.

14            THE COURT:  My next question is directed to the

15  Government.  Is there a Plea Agreement for either of these

16  two Defendants?

17            MS. RODRIGUEZ:  Yes, Your Honor.  There are Plea

18  Agreements in both of these cases --

19            THE COURT:  And --

20            MS. RODRIGUEZ:  -- and also (indiscernible).

21            THE COURT:  Since there is difference as to the

22  exact relief, so Mr. Mejorado, we're going to start with

23  you.  The Government is going to recite for me the terms of

24  your Plea Agreement.

25            MS. RODRIGUEZ:  The Plea Agreement for

1  Mr. Mejorado reads in pertinent part that the Defendant

2  agrees to plead guilty to Count 2 of the Indictment and the

3  Government will recommend that the offense level decrease by

4  two levels pursuant to United States Sentencing Guidelines

5  Section 3E1.1(a) if the Defendant clearly demonstrates

6  acceptance of responsibility and that the remaining counts

7  of the Indictment be dismissed at the time of sentencing.

8         THE COURT:  Okay.  So Mr. Mejorado -- or do you

9  have that there, the Plea Agreement, or has it been filed?

10         MS. RODRIGUEZ:  (Indiscernible).

11         THE COURT:  So Mr. Mejorado, if you could look at

12  that and confirm for me that you signed that Plea Agreement?

13         DEFENDANT MEJORADO-JUAREZ:  Yes.

14         THE COURT:  And did you review that with your

15  attorney before you signed it?

16         DEFENDANT MEJORADO-JUAREZ:  Yes.

17         THE COURT:  And if you would go ahead and hand

18  that over, Ms. Cantu?

19     (Pause in the proceedings.)

20         THE COURT:  So Mr. Mejorado, for you basically the

21  agreement that you have with the Government is that in

22  exchange for your plea of guilty to Count 2, the Government

23  will recommend two points off for what we call "acceptance

24  of responsibility," and then it will dismiss the other

25  counts in the -- the other count in the Indictment.

1         Is that what you understand your agreement with

2   the Government to be?

3         DEFENDANT MEJORADO-JUAREZ:  Yes.

4         THE COURT:  All right.  I'll come back to you in

5   just a moment.

6         Turning to Mr. Valle.

7         MR. FRY:  Your Honor, the Agreement reads in

8   pertinent part -- Lee Fry on behalf of the United States.

9         The Defendant agrees to plead guilty to Count 1 of

10  the Indictment and to waive any and all interests in the

11  assets listed in the Notice of Forfeiture and to the

12  judicial or administrative forfeiture of any and all

13  firearms, weapons, and ammunition seized in connection with

14  the case, including, but not limited to, the nine firearms

15  and 1100 rounds of ammunition contained within the Notice of

16  Forfeiture.  And the Defendant also agrees to waive any and

17  all procedural notice requirements for this forfeiture.

18        In exchange, the Government will recommend that

19  the offense level decrease by two levels pursuant to

20  Sentencing Guideline Section 3E1.1(a) if the Defendant

21  clearly demonstrates acceptance of responsibility, and that

22  the remaining count of the Indictment be dismissed at the

23  time of sentencing.

24        THE COURT:  So Mr. Valle, do you have that there

25  in front of you?

1            DEFENDANT VALLE:  Yes, ma'am.

2            THE COURT:  And you can look at it and confirm for

3  me that you signed that agreement?

4            DEFENDANT VALLE:  I did, Your Honor.

5            THE COURT:  And is that the one to be filed with

6  the Court?

7            MR. SOLIS:  It's been filed already.

8            THE COURT:  It already has been filed.  Okay.  Can

9  I just go ahead and borrow your copy there since -- oh, I

10  have it.  I'm sorry.  I do have it in front of me.  I have

11  it right here.  All right.  Okay.

12            So Mr. Valle, in your case, then, the agreement he

13  has just summarized, did you review that agreement with your

14  attorney before you signed it?

15            DEFENDANT VALLE:  I did, Your Honor.

16            THE COURT:  The Government has summarized that

17  basically that in exchange for your plea of guilty to

18  Count 1, along with waiving any and all interest in the

19  property involved in this offense, the Government will

20  recommend two levels off what is called "acceptance of

21  responsibility," and then dismiss the other count in the

22  Indictment.

23            Is that what you understand your agreement with

24  the Government to be?

25            DEFENDANT VALLE:  Yes, Your Honor.

1            THE COURT:  Thank you.

2            For each one of you, the agreement that you have

3    made with the Government is an agreement between you and the

4    Government only.  It is not an agreement with the Court.  By

5    that, I mean, that, if you do enter into a plea of guilty,

6    and I find you guilty, your case will be set for sentencing.

7            At the time of sentencing, I will consider the

8    recommendations made to me by the Government, but I do not

9    have to follow that recommendation; and even if I do not

10   follow that recommendation, I do not have to allow you to

11   withdraw your plea of guilty.

12           Do you understand this?

13           DEFENDANT VALLE:  Yes, Your Honor.

14           DEFENDANT MEJORADO-JUAREZ:  Yes.

15           THE COURT:  Other than the agreements as reflected

16   in your Plea Agreement, do you believe that there has been

17   any other promise of any sort made to you by anybody,

18   whether it be the Government, your attorney, or anybody else

19   to get you to plead guilty?

20           DEFENDANT VALLE:  No, Your Honor.

21           DEFENDANT MEJORADO-JUAREZ:  No.

22           THE COURT:  Do you wish to enter a plea of guilty

23   freely and voluntarily?

24           DEFENDANT VALLE:  Yes, Your Honor.

25           DEFENDANT MEJORADO-JUAREZ:  Yes.

1          THE COURT:  Has anybody threatened you or tried to

2   force you or coerce you into entering a plea of guilty?

3          DEFENDANT VALLE:  No, Your Honor.

4          DEFENDANT MEJORADO-JUAREZ:  No.

5          THE COURT:  And then, Mr. Mejorado, how do you

6   plead, guilty or not guilty to Count 2 of your Indictment?

7          DEFENDANT MEJORADO-JUAREZ:  Guilty.

8          THE COURT:  Mr. Valle, how do you plead to Count 1

9   of your Indictment?

10          DEFENDANT VALLE:  Guilty.

11          THE COURT:  The next part is where the Government

12   is going to state for me the facts of your case.  Please,

13   listen carefully.  We'll start with you, Mr. Mejorado,

14   unless I hear from the Government, I will ask you a few

15   questions.

16          MS. RODRIGUEZ:  On or about January 18th, 2022 the

17   Defendant knowing and in reckless disregard of the fact that

18   Ronald Alexis Argumedo-Silicano, an alien who had come to,

19   entered and remained in the United States in violation of

20   law, did knowingly transport, move, attempt to transport and

21   attempt to move said alien within the United States in

22   furtherance of such violation of law, that is from a

23   location near Alamo, Texas to another location near

24   San Juan, Texas, by means of a motor vehicle.

25          On that date Border Patrol was conducting

1  surveillance on a residence in Alamo, Texas, suspected of

2  harboring undocumented aliens when they observed a vehicle

3  arrive and then leave approximately 20 minutes later.

4         Alamo Police Department responded and observed the

5  vehicle to be speeding so they initiated a traffic stop.

6  The vehicle failed to stop, continued speeding and

7  subsequently crashed into another vehicle.  After the

8  accident, the driver, who was later determined to be the

9  Defendant, and all passengers exited the vehicle and ran.

10  All occupants were apprehended.

11         All occupants were also determined to be

12  undocumented aliens illegally present in the United States,

13  to include Ronald Alexis Argumedo-Silicano.  The Defendant

14  provided consent to search the residence where additional

15  undocumented aliens were apprehended.  The Defendant knew or

16  recklessly disregarded the fact that Ronald Alexis

17  Argumedo-Silicano was an alien, that is a non-citizen of the

18  United States, who had come to, entered, and remained in the

19  United States in violation of law.

20         The Defendant committed this offense by

21  transporting undocumented aliens by motor vehicle from

22  Alamo, Texas to a location in San Juan, Texas, in

23  furtherance of their unlawful presence in the United States.

24         Defendant committed this offense for financial

25  gain and commercial advantage in that he was to be paid.

1          THE COURT:  Mr. Mejorado, do you agree with what

2    the Government stated?

3          DEFENDANT MEJORADO-JUAREZ:  Yes.

4          THE COURT:  So you admit that you were the driver

5    of this vehicle that ended up crashing; is that correct?

6          DEFENDANT MEJORADO-JUAREZ:  Yes.

7          THE COURT:  And even though you weren't

8    apprehended in the vehicle itself, you do admit that you had

9    been in that vehicle along with these other individuals who

10   were in the country illegally?

11         DEFENDANT MEJORADO-JUAREZ:  Yes.

12         THE COURT:  One of those being the one identified

13   by name is Argumedo-Silicano.  You may not have known that

14   person's name, but you knew that he was in the country

15   illegally?

16         DEFENDANT MEJORADO-JUAREZ:  Yes.

17         THE COURT:  And the plan had been that you were

18   driving him to some other place or location to help as he

19   made his way into the country illegally.  Is that also

20   correct?

21         DEFENDANT MEJORADO-JUAREZ:  Yes.

22         THE COURT:  And then the Government indicated

23   there were other individuals in the vehicle besides him and

24   other individuals at the house, as well.  All of those

25   individuals you understood to be in the country illegally?

1          DEFENDANT MEJORADO-JUAREZ:  Yes.

2          THE COURT:  And you were doing this for some sort

3   of financial benefit?  You were going to be paid or gain

4   something financially; is that correct?

5          DEFENDANT MEJORADO-JUAREZ:  Yes.

6          THE COURT:  All right.  Thank you, Mr. Mejorado.

7          Turning to Mr. Valle.

8          MR. FRY:  On or about October 16, 2021, the

9   Defendant, in connection with the acquisition of firearms,

10  knowingly made a false statement which is material to the

11  lawfulness of the sale of the firearms through a federally

12  licensed firearms dealer.

13          On that date, the Defendant purchased three

14  Century Arms Model VSKA and one Zastava Model ZPAPM70 7.62

15  by 39-millimeter caliber rifles at the gun show held in

16  McAllen, Texas.  The Defendant purchased the four rifles

17  from D&D Gun Parts, a license dealer of firearms in the

18  meaning of Chapter 44 Title 18 of the United States Code.

19          In connection with the purchase of the firearms,

20  the Defendant falsely represented on a Bureau of Alcohol,

21  Tobacco, and Firearms Form 4473 that he was the actual buyer

22  of the firearms, when in truth and in fact, he knew he was

23  purchasing the firearms on behalf of another individual.

24          The Defendant indicated this in order to deceive

25  D&D Gun Parts as the name of the actual buyer of the firearm

1  is material to the lawful sale of the firearm by a federally

2  licensed firearms dealer.

3          THE COURT:  Mr. Valle, do you agree with what the

4  Government stated?

5          DEFENDANT VALLE:  I do, Your Honor.

6          THE COURT:  Okay.  So basically, you admit,

7  Mr. Valle, that at this gun show, you purchased these

8  firearms in your own name reflecting that on the Form 4473,

9  but the guns were actually not being purchased for yourself;

10  is that correct?

11          DEFENDANT VALLE:  Yes, Your Honor.

12          THE COURT:  And you understood that the name of

13  the individual making the actual purchase was something that

14  was, we say material, but something that was important that

15  could make a difference as far as the sale; is that correct?

16          DEFENDANT VALLE:  Yes, Your Honor.

17          THE COURT:  All right.  Thank you, Mr. Valle.

18          For each one of you, then, the Court does find

19  that you are competent to enter a plea, that you understand

20  the nature of the charge against you, as well as the

21  consequences of entering a plea, that you are entering a

22  plea of guilty freely and voluntarily, and that there is a

23  factual basis for the plea of guilty.

24          The Court does find you guilty, Mr. Mejorado, as

25  charged in Count 2 of your Indictment.

1       Mr. Valle, as charged in Count 1 of your

2   Indictment.

3       For each one of you, sentencing is set for July

4   the 18th at 2:00 p.m.  A presentence investigation and

5   report to be completed by May 11th, objections to be filed

6   by May the 25th, with the final report due on June the 8th.

7       Anything else as to either Defendant?

8       MR. SOLIS:  No, Your Honor.  Thank you very much.

9       THE COURT:  All right.

10      MS. CARMEN:  No, Your Honor.  Thank you.

11      THE COURT:  All right.  Thank you.  Then, you may

12  be excused.

13      DEFENDANT VALLE:  Thank you, Your Honor.

14      THE COURT:  Yes.  Thank you.

15      (Proceedings adjourned at 3:14 p.m.)

16                      * * * * *

17      *I certify that the foregoing is a correct*

18  *transcript to the best of my ability produced from the*

19  *electronic sound recording of the proceedings in the above-*

20  *entitled matter.*

21  */S/ MARY D. HENRY*

22  *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

23  *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

24  *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

25  *JTT TRANSCRIPT #66192    DATE FILED:  SEPTEMBER 20, 2022*